Eldon Ray ROCHESTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–82–107–CR.

Court of Appeals of Texas,
Waco.

Feb. 24, 1983.

Rehearing Denied March 17, 1983.

William E. Stallings, Waco, for appellant.

Vic Feazell, Criminal Dist. Atty., T. Bradley Cates, Asst. Dist. Atty., Waco, for appellee.

## OPINION

THOMAS, Justice.

After being found guilty of aggravated robbery and assessed eight years imprisonment, Appellant appeals on one ground of error: that the trial court erred in permitting the State, over his objections, to inject his general reputation before the jury when Appellant had not placed such reputation in issue.

Appellant called his son to the stand, who testified that his father's reputation in the community for truth and veracity was good. The State then proceeded to ask a series of "have you heard" questions, delving into whether the son had heard of Appellant's prior arrests for swindling, for theft by false pretext, for obtaining money under false pretense, and for petty larceny by fraud. In his brief, Appellant argues that the State's "have you heard" questions were improper because they impliedly attacked Appellant's general character reputation for being a peaceable and law abiding citizen, when the son's testimony had

been limited to only one character trait—truth and veracity.

We find no error in the State's questions and we overrule Appellant's sole ground of error.

■ The son of Appellant, having testified that his father's reputation in the community for truth and veracity was good, opened the door for the State to test the credibility of his opinion and to explore what weight should be assigned by the jury to the son's opinion. *Brown v. State,* 477 S.W.2d 617 (Tex.Cr.App.1972). A reputation witness states his opinion based on hearsay; therefore, in order to test his opinion, the State is allowed to determine whether the witness has heard (not whether he knows) of acts or reports which would be inconsistent with the character trait(s) expressed in the opinion by the reputation witness. *Livingston v. State,* 589 S.W.2d 395 (Tex.Cr.App.1979). If Appellant does not put his general character or general reputation in question, such as allegedly being a good person or having a reputation in his community for being a peaceable and law abiding citizen, the State cannot direct "have you heard" questions to a reputation witness on a defendant's general character reputation, but the "have you heard" questions must be limited to and involve specific instances of misconduct which are inconsistent with the character trait(s) sought to be bolstered by the witness. *Livingston v. State,* supra.

■ In the case before us, the State's questions were properly phrased and, in our opinion, the acts of misconduct were each inconsistent with the character trait (truth and veracity) testified to by the reputation witness, since the arrests were for offenses involving acts of intentional dishonesty through misrepresentation for purposes of personal gain.

Affirmed.